## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MYKIA SHARP,

    *Plaintiff,*

v.

ARTHUR MURRAY
DANCE STUDIO OF COLUMBIA, *et al.,*

    *Defendants.*

Case No. 24-cv-2605-ABA

### MEMORANDUM OPINION

Plaintiff Mykia Sharp sued Defendants Arthur Murray Dance Studio of Columbia ("AMDS of Columbia") and Arthur Murray Dance Studio Baltimore ("AMDS Baltimore")[1] alleging that, during her employment by Defendants, she was subjected to racial and disability discrimination, a hostile work environment, retaliation, and wrongful termination. ECF No. 5. She has now filed a motion for leave to file a Third Amended Complaint, ECF No. 42, which the Defendants oppose, ECF Nos. 43 & 44. For the following reasons, Plaintiff's motion will be granted in part and denied in part.

## I.    BACKGROUND[2]

The Court previously granted in part AMDS of Columbia's motion to dismiss as to the racial discrimination, disability discrimination, and retaliation claims asserted

---

[1] AMDS Baltimore pointed out that the legal name of its business is "Arthur Murray Dance Studio Baltimore" rather than "Arthur Murray Dance Studio of Baltimore" as stated in the amended complaint. ECF No. 16 at 1. For current purposes, all references to "Arthur Murray Dance Studio of Baltimore" are construed under the proper legal name.

[2] The facts alleged in the proposed Third Amended Complaint do not substantively differ from those of the Amended Complaint, which the Court recounted in detail in *Sharp v. Arthur Murray Int'l Inc.*, Case No. 24-cv-2605, 2025 WL 2938368, at *1–2 (D. Md. Oct. 16, 2025). Therefore, the Court will not recount the facts in detail here.

against it. ECF No. 38 ¶ 2. The Court also granted in part AMDS Baltimore's motion for summary judgment as to the same claims asserted against it. *Id.* ¶ 3(a). The Court directed Plaintiff to file any renewed motion for leave to file an amended complaint in accordance with the Court's ruling by October 30, 2025. ECF No. 38 ¶ 5.

On November 17, 2025, the Court ordered Plaintiff to show cause by December 1, 2025 why the remaining state claim should not be remanded to the Circuit Court of Baltimore or Howard County. ECF No. 41. On December 2, 2025, Plaintiff filed a motion to respond to show cause order out of time and motion for leave to file a third amended complaint. ECF No. 42. Defendants oppose the motion both on the basis of being untimely and because the proposed amended complaint fails to address the deficiencies noted by the Court and adds new counts. ECF No. 43 & 44.

Following Defendants' filing of their response in opposition to Plaintiff's motion for leave to amend, Plaintiff sought for permission to again amend her complaint through her reply brief. ECF No. 45. Plaintiff's second proposed third amended complaint makes a number of changes allegedly to address deficiencies raised in the opposition briefs, including changing the claims asserted, and the second version is also allegedly a result of the first version being "inadvertently uploaded an incorrect copy." ECF No. 45 at 3.

Plaintiff's first proposed third amended complaint asserts four claims: (1) hostile work environment under the Maryland Fair Employment Practices Act ("MFEPA"), Title VII, Howard County Code, and Baltimore County Code against both Defendants, (2) discrimination under the Americans with Disabilities Act ("ADA") against ADMS of Columbia only, (3) violation of 42 U.S.C. § 1981 against both Defendants, and (4)

wrongful termination in violation of public policy against AMDS Baltimore only. ECF No. 42-1 at 6–10.

## II.    STANDARD OF REVIEW

A party may request, and the court should "freely give," leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, "courts should 'liberally allow amendment,' and deny such leave only in cases of 'prejudice, bad faith, or futility.'" *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010*)* and *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)) (internal citations omitted). "[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *Id.* (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

## III.    Discussion

### A.    Plaintiff's attempt to file two versions of her proposed third amended complaints is prejudicial

In determining whether to accept a proposed amended complaint, "[d]elay alone . . . is an insufficient reason to deny the plaintiff's motion to amend." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed,* 448 U.S. 911 (1980)). "The delay must be accompanied by prejudice, bad faith, or futility." *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613).

The Court is troubled by Plaintiff's attempt to file a second "proposed third amended complaint" in her reply brief to the motion such that Defendants would have no opportunity to respond; this also causes substantial confusion regarding which

version of her proposed third amended complaint is before the Court on this motion. *See* ECF No. 42-1; ECF No. 45-1.[3] Plaintiff contends both that the second proposed third amended complaint (ECF No. 45-1) addresses deficiencies raised in the opposition briefs, ECF No. 45 at 3, but also that the first version of the proposed third amended complaint (ECF No. 42-1) was a result of "Plaintiff [] inadvertently upload[ing] an incorrect copy." ECF No. 45 at 3. These two statements cannot simultaneously be true, raising questions about her counsel's candor to this Court.

Further, Plaintiff does not provide a version comparing it to the original proposed third amended complaint filed as required by Local Rule 103.6.c and she does not explain how attaching a new version of the proposed third amended complaint in the reply brief, when Defendants are unable to respond, "does not cause prejudice to the defendants." ECF No. 45 at 4. "Generally, 'new arguments cannot be raised in a reply brief' before the district court," because "[a] contrary rule runs the risk of depriving a nonmovant an opportunity to respond." *De Simone v. VSL Pharm., Inc.*, 36 F.4th 518, 531 (4th Cir. 2022) (quoting *United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013)) (citations omitted). "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Suchin v. Fresenius Med. Care Holdings, Inc.*, 715 F. Supp. 3d 703, 711 (D. Md. Feb. 6, 2024) (quoting *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md.

---

[3] Both versions of Plaintiff's proposed third amended complaint (ECF Nos. 42-1 and 45-1) include duplicative paragraph numbers. Therefore, as before, the Court will refer to duplicated paragraphs by the name of the section under which they appear. *See Sharp*, 2025 WL 2938368, at *1 n.3 (pointing out this issue before); ECF No. 38 ¶ 5 (directing Plaintiff that "[i]n any proposed amended complaint Plaintiff shall include corrected paragraph numbers such that each number appears only once in the new complaint"— an admonition Plaintiff has not followed).

2006)) (internal quotations omitted). Plaintiff's attempt to file another proposed third amended complaint in a reply brief to her motion for leave to amend rather than filing a new motion in order to allow Defendants an opportunity to respond is akin to raising a new argument in a reply brief and is similarly prejudicial.

Plaintiff made changes throughout the proposed complaints. For example, the original proposed third amended complaint includes four total paragraphs under jurisdiction (including two labeled ¶ 6) as compared to the new proposed third amended complaint including five paragraphs, with the first ¶ 6 relabeled as ¶ 5 and an additional paragraph regarding supplemental jurisdiction that was not previously included. *Compare* ECF No. 42-1 ¶¶ Jurisdiction 4, 6, 5, 6 *with* ECF No. 45-1 ¶¶ Jurisdiction 4–8. In addition, the language in ¶ 20 differs in each version of the proposed third amended complaints in terms which claims Plaintiff is asserting. *Compare* ECF No. 42-1 ¶ 20 *with* ECF No. 45-1 ¶ 20. Finally, and most prejudicial, Plaintiff changes her asserted claims. In the first proposed third amended complaint, Plaintiff's first count was for hostile work environment based on race under the MFEPA, Title VII, Howard County Code, and Baltimore County Code against both Defendants and the second count was for disability discrimination under the ADA against AMDS of Columbia. ECF No. 42-1 at 6–7. In the second proposed third amended complaint, Plaintiff's first count is for hostile work environment based on disability under the MFEPA and Howard County Code against AMDS of Columbia only and the second count is for hostile work environment based on race under the MFEPA, Howard County Code, and Baltimore County Code against both Defendants. ECF No. 45-1 at 6–9.

Beyond the prejudice caused by these substantive changes, Plaintiff's motion for leave to amend was already filed thirty-three days after the deadline the Court had

provided for Plaintiff to correct any deficiencies. ECF No. 38 ¶ 5; ECF No. 42. Even if the Court were to excuse that delay, Plaintiff provides no basis for why an additional twenty-day delay to the second proposed third amended complaint is not prejudicial to Defendants. ECF No. 45.

Plaintiff's attempt to not only get a third but a fourth bite at the apple to state a claim against Defendants without requesting leave and in a reply brief such that Defendants cannot respond is improper and prejudicial. Because of this, the Court will not consider Plaintiffs' attempt to further amend through a reply in support of a motion for leave to amend and instead will only consider Plaintiff's motion for leave to file the originally proposed Third Amended Complaint (ECF No. 42-1, supported by the motion filed at ECF No. 42).

B.    **In any event, Plaintiff's first proposed third amended complaint is futile as to the Title VII and ADA claims**

In its prior ruling, the Court explained that to state a claim under Title VII and ADA, a plaintiff must allege that the defendant "employ[ed] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Sharp v. Arthur Murray Int'l Inc.*, Case No. 24-cv-2605, 2025 WL 2938368, at *5 (D. Md. Oct. 16, 2025) (citing 42 U.S.C. § 2000e(b) (Title VII); 42 U.S.C. § 12111(5)(A) (ADA)). The Court further explained that "[a]lthough not a jurisdictional requirement," *id.* (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006)), "'[t]he employee numerosity requirement [] is an essential element of *every* employment discrimination claim under Title VII.'" *Id.* (quoting *Morrow v. Keystone Builders Res. Grp., Inc.*, Case No. 2:08-4119-CWH, 2010 WL 3672354, at *6 (D.S.C. Sept. 15, 2010)).

With this backdrop, the Court held that "[b]ased on the facts alleged, Plaintiff has at most alleged that AMDS of Columbia employed four or five employees (her, a manager, another unnamed employee, and two other named employees)" and therefore the Court granted the motion to dismiss under Rule 12(b)(6) as to AMDS of Columbia. *Id.* at *6. Similarly, the Court granted AMDS Baltimore summary judgment as AMDS Baltimore provided payroll records proving that it did not employ more than six employees during 2022 or 2023. *Id.* at *6.

Plaintiff's proposed third amended complaint attempts to reassert a discrimination claim under the ADA against AMDS of Columbia and a hostile work environment claim under Title VII against both Defendants, but her proposed third amended complaint fails for the same reason her prior complaint did: there is no allegation of the number of employees employed by each Defendant as required to state a claim under Title VII or the ADA. *See* ECF No. 42-1 at 6–8. To the extent Plaintiff attempts to re-assert Title VII and ADA claims against Defendants, the motion is futile as it would fail under Rule 12(b)(6) scrutiny as the Court has previously explained.

To the extent the Court reserved ruling on Count 3 of the amended complaint, it was intended to reserve only as to the state and local statutes. To clarify, Count 3 will be dismissed to the extent that it alleges a violation of Title VII for the same reasons Counts 1, 2, and 4 were previously dismissed. *See Sharp*, 2025 WL 2938368, at *5–6. As Plaintiff has failed to correct the errors flagged by the Court in its prior ruling and this constitutes Plaintiff's third attempt to state a claim under Title VII and ADA, those claims shall be dismissed with prejudice.

### C.        Subject Matter Jurisdiction

As the Court is denying Plaintiff's motion for leave to file a third amended complaint, the only remaining claims from the amended complaint are under the MFEPA and Maryland common law. ECF No. 42-1 at 6–10. District courts have discretion to decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "In deciding whether to exercise supplemental jurisdiction, a court should consider 'the values of judicial economy, convenience, fairness, and comity.'" *Bishop v. Cnty. of Macon*, 620 F. App'x 148, 150 (4th Cir. 2015) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Although this case was filed almost two years ago, the case is still at the pleading stage, well before trial. The parties have not invested significant resources in litigating the case and any concern regarding limitations on Plaintiff's claims are addressed by 28 U.S.C. § 1367(d). Therefore, considering principles of fairness, judicial economy, and comity, this Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The dismissal will be without prejudice so that Plaintiff, if she so chooses, can file a new complaint in state court.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint (ECF No. 42) will be denied, Defendant AMDS of Columbia's motion to dismiss (ECF No. 14) will be granted, and Defendant AMDS Baltimore's motion to dismiss (ECF No. 16) will be granted. Plaintiff's federal claims (Title VII and ADA) will be dismissed with prejudice and Plaintiff's state and local claims will be dismissed without prejudice insofar as they may be filed in state court. A separate order follows.

Date:  July 30, 2026

_____*/s/*_____
Adam B. Abelson
United States District Judge